UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESCENT SURGICAL GROUP, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5378** |
| **ALLSCRIPTS HEALTHCARE, LLC** | **SECTION: "G"(2)** |

## ORDER

On August 12, 2013, and after review of Defendant Allscripts Healthcare, LLC's ("Defendant") Notice of Removal,[1] this Court became aware of certain pleading deficiencies that had to be resolved in order to determine if this Court has subject matter jurisdiction.[2] Specifically, in the original Notice of Removal, Defendant invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, and stated that Plaintiff Crescent Surgical Group, LLC ("Plaintiff") was "a Louisiana limited liability company organized and existing under the laws of Louisiana, and doing business in the Parish of Jefferson," and Defendant was "a foreign limited liability company authorized to do and doing business in the Parish of Jefferson, State of Louisiana."[3] However, the Court noted that "'the citizenship of a LLC is determined by the citizenship of all of its members.'"[4]

Therefore, the Court granted Defendant leave "to amend the Notice of Removal to expressly name all of its members and Plaintiff's members, *as well as the citizenship of each constituent member*."[5] The Court also instructed that if Defendant failed to comply with this order, it would

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 4.

[3] Rec. Doc. 1 at ¶¶ 4-6.

[4] Rec. Doc. 4 at p. 1. (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008)).

[5] *Id.* at p. 2 (emphasis added).

remand this action to state court.[6] On August 20, 2013, Defendant filed an Amended Notice of Removal.[7] While Defendant states all members of Plaintiff and properly states each of Plaintiff's members' citizenship,[8] Defendant fails to do the same for itself. Defendant instead avers:

> Petitioner, Allscripts, is a foreign limited liability company, incorporated in North Carolina, authorized to do and doing business in the Parish of Jefferson, State of Louisiana. Petitioner has one member: Allscripts Healthcare US, LP. Member is a foreign limited partnership incorporated in Delaware.[9]

However, the citizenship of a limited partnership, like Allscripts Healthcare US, LP, is similarly determined by the citizenship of all of its partners.[10] Accordingly, Defendant has failed to allege the citizenship of its sole member, which is necessary for this Court to determine Defendant's citizenship. As Defendant has failed to abide by this Court's order,

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana.[11]

**NEW ORLEANS, LOUISIANA**, this 22nd day of August, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[6] *Id.*

[7] Rec. Doc. 5.

[8] *See id* at ¶ 6.

[9] *Id.* at ¶ 7.

[10] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[11] *See* 28 U.S.C. 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").